**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FROMAGERIES BEL S.A. and
BEL BRANDS USA, INC.,

Plaintiffs,

v.

EMMI ROTH USA, INC.,

Defendant.

Civil Action No.: 18-cv-7217

Judge:

## COMPLAINT

The Plaintiffs, Fromageries Bel S.A. and Bel Brands USA, Inc. ("Plaintiffs"), bring this action to obtain redress, injunctive relief and compensation for past and ongoing loss and damage sustained as a result of trade dress infringement, unfair competition, false advertising, false designation of origin and violation of the Illinois Uniform Deceptive Trade Practices Act by Defendant Emmi Roth USA, Inc. ("Defendant").

As and for its Complaint against Defendant, Plaintiffs hereby state and allege the following:

## PARTIES

1. Plaintiff Fromageries Bel, S.A. ("Bel France") is a corporation organized under the laws of France with its principal place of business at 2 allee de Longchamp 92150 Suresnes, France.

2. Plaintiff Bel Brands, Inc. ("Bel USA") is a Wisconsin corporation with its principal place of business at 30 South Wacker Drive, Suite 3000, Chicago, Illinois 60606.

*3.* Upon information and belief, Defendant Emmi Roth USA, Inc. is a Wisconsin corporation with its principal place of business at 5525 Nobel Drive, Suite 100, Fitchburg, Wisconsin 53711-4961.

**JURISDICTION AND VENUE**

4. On information and belief, Defendant has committed and is committing acts of Trade Dress Infringement, Unfair Competition, and False Designation of Origin under the Lanham Act and the common law, and is violating the Illinois Uniform Deceptive Trade Practices Act as hereinafter alleged in this District, through displaying, selling, advertising, and distributing snack cheese products bearing infringing trade dress without the authorization of Plaintiffs. Defendant participates in these unlawful acts either directly, or contributes to these unlawful acts.

5. This action is for Trade Dress Infringement, Unfair Competition, False Advertising and False Designation of Origin arising under the Lanham Act 15 U.S.C. §§ 1114 and 1125, *et seq.* and under the common law; and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, *et seq.*

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1114 and 15 U.S.C. § 1125 (actions arising under the Lanham Act have original jurisdiction in federal courts).

7. This Court has supplemental jurisdiction over Plaintiffs' state law and common law claims pursuant to 28 U.S.C. § 1367 since such state law and common law claims arise out of the same case and controversy as the claims in this action, over which the Court exercises original jurisdiction.

8. This Court has personal jurisdiction over Defendant in that Defendant transacts business in the State of Illinois and in this Judicial District, and has offered for sale the infringing products in this District, including upon information and belief at markets in this District, such as the Fresh Thyme Farmer's Market, located in Chicago, Illinois.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c) because, upon information and belief, a substantial part of the events or acts giving rise to the claim occurred in this District, Defendant is subject to the court's personal jurisdiction with respect to such action, Defendant conducts business in this District, and has sold the infringing goods in this District. Venue is also proper in this District under 28 U.S.C. § 1391(d).

**FACTS**

10. For nearly 40 years and long prior to any sales of the Defendant's accused product, Plaintiffs have used continuously in commerce in this country a trade dress, registered with the United States Patent and Trademark Office, comprised of a net bag and individually wrapped, individual portions of snack cheeses, formed in a round shape, and each presented in a size generally under 40 grams, per piece, and where a plurality of individual cheeses are visible and exposed through the openings in the net, and where the net is constructed of synthetic strands. Embodiments of the trade dress (or partial depictions thereof) are depicted in the images in Paragraphs 12, 15 and 31 below (the "Net Bag Trade Dress").

11. Plaintiffs' individually wrapped round snack cheeses are made and packaged in the United States.

12. Depicted below are images showing Plaintiffs' famous Net Bag Trade Dress:

13. The Net Bag Trade Dress is widely recognized and relied upon among the consuming public, as indicating high-quality snack cheese products sourced from Plaintiffs. As a

result of Plaintiffs' extensive use, advertising and promotion of the Net Bag Trade Dress, it has attained substantial goodwill among the purchasing public.

14. Plaintiffs' sales in the United States of products that include the Net Bag Trade Dress have achieved extraordinary success with nationwide exposure totaling far more than **$1 billion** in sales.

15. In addition to common law rights, Plaintiff, Bel France, is also the owner, and Bel Brands, USA, Inc. the licensee, of incontestable U.S. Federal Trademark Registration No. 1557004 for the mark depicted below:



16. In addition to U.S. Registration No. 1557004, Plaintiff Bel France is also the owner, and Bel USA, Inc. the licensee, of incontestable U.S. Registration Nos. 4247808, and 4335143, which also include the Net Bag Trade Dress. Copies of the Registration Certificates for the three Net Bag Trade Dress registrations (the "Net Bag Trade Dress Registrations") are attached to the Complaint as Exhibit A.

17. The Net Bag Trade Dress Registrations are live, subsisting, unrevoked, uncanceled, and incontestable, having been registered and used continuously for more than five

years, and constitute conclusive evidence that the Net Bag Trade Dress is registered and valid, and thus entitled to protection, that Plaintiff, Bel France, owns the Net Bag Trade Dress, and that Plaintiffs have the exclusive right to use the marks in commerce.

18. The Net Bag Trade Dress is non-functional, as it is not essential to the use, purpose, cost or quality of the snack cheese products, and Plaintiffs' exclusive use of the Net Bag Trade Dress would not put competitors at a significant non-reputation-related disadvantage.

19. By virtue of Plaintiffs' federal registration of the Net Bag Trade Dress, the Defendant is and has been on constructive notice of Plaintiffs' rights in the Net Bag Trade Dress since a time prior to acts complained of herein.

20. By virtue of Plaintiffs' extensive use of the Net Bag Trade Dress, and Plaintiffs' letter demanding the Defendant discontinue use of its Net Bag Trade dress, Defendant is and has been on actual notice of Plaintiffs' rights in the Net Bag Trade Dress since a time prior to acts complained of herein.

21. Upon information and belief, notwithstanding Plaintiffs' actual notice to Defendant that its use of the Net Bag Trade Dress infringes Plaintiffs' exclusive rights, Defendant continues to expand its use and infringe Plaintiffs' Net Bag Trade Dress.

22. Upon information and belief, at all relevant times hereto, Defendant has had full knowledge of Plaintiffs' ownership of and exclusive right to use the Net Bag Trade Dress.

23. The Net Bag Trade Dress has acquired distinctiveness and secondary meaning signifying Plaintiffs and Plaintiffs' products. The public and trade have come to rely on Plaintiffs' Net Bag Trade Dress to distinguish its products and services from those of others in the marketplace.

24. Plaintiffs have invested substantially in the Net Bag Trade Dress in order to maintain its distinctive image in the marketplace.

25. Over the years, Plaintiffs have undertaken many wide-scale advertising programs that feature and call out the Net Bag Trade Dress as an indication of source of Plaintiffs' products, such as the two examples below:

 

26. Retail stores and supermarkets often advertise the Net Bag Trade Dress, such as Wegmans', Stop & Shop and HEB's advertisements which state: "The cheese in the net bag!"

27. Tags affixed to millions of units of Plaintiff's Net Bag Trade Dress snack cheeses in the United States prominently advertise, and draw the consumer's attention to, the Net Bag Trade Dress:



28. Defendant, without the authorization of Plaintiffs, is advertising, selling, distributing, and offering infringing products using the Net Bag Trade Dress.

29. Defendant's snack cheeses are offered in the identical sized .75oz round portions as Plaintiffs' snack cheeses, and use the same varieties of natural cheese, including mozzarella, gouda and cheddar.

30. Defendant has copied protected elements of Plaintiffs' Net Bag Trade Dress.

31. As reflected in the images below, Plaintiffs' products bearing the Net Bag Trade Dress are often sold immediately adjacent to, or combined with, Defendant's infringing products, thereby increasing the likelihood of consumer confusion:



Plaintiffs' Net Bag Trade Dress

Defendant's infringing product

32. Moreover, Defendant's advertising seeks to unfairly capitalize on the "unique" nature of Plaintiffs' Net Bag Trade Dress, as shown below:

33. Plaintiffs are suffering and will suffer irreparable injury and damage as a result of Defendant's unlawful use of the Net Bag Trade Dress for individually wrapped round snack cheese products.

**COUNT I**
**TRADE DRESS INFRINGEMENT OF A REGISTERED MARK UNDER SECTION 1114**

34. Plaintiffs restate and re-aver each and every allegation contained in the foregoing paragraphs and the acts of Defendant asserted therein as if fully recited in this paragraph.

35. The acts of the Defendant complained of herein constitute trade dress infringement of a mark registered under the Lanham Act, 15 U.S.C. § 1114.

36. Defendant's use of the Net Bag Trade Dress for infringing individually wrapped round snack cheese products is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of the infringing products, and is likely to deceive the public into believing the infringing products being sold by Defendant originate from, are associated with, or are authorized by Plaintiffs.

37. Defendant willfully and intentionally traded on the goodwill associated with the Net Bag Trade Dress.

38. Defendant's acts of trade dress infringement, as alleged above, are causing Plaintiffs and the public irreparable injury, and will continue to do so unless restrained and enjoined.

39. On information and belief, Defendant has no present intention of terminating the activities complained of in this Complaint.

40. Defendant's trade dress infringement has caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

## COUNT II
## TRADE DRESS INFRINGEMENT UNDER SECTION 1125(a)

41. Plaintiffs restate and re-aver each and every allegation contained in the foregoing paragraphs and the acts of Defendant asserted therein as if fully recited in this paragraph.

42. This count arises under 15 U.S.C. §1125(a).

43. This claim is for trade dress infringement against Defendant for its advertising, distribution, sale, and offering for sale infringing individually wrapped round snack cheese products bearing the Net Bag Trade Dress.

44. Defendant's use of the Net Bag Trade Dress for infringing snack cheese products is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of the infringing products, and is likely to deceive the public into believing the infringing products being sold by Defendant originate from, are associated with, or are authorized by, Plaintiffs.

45. Defendant willfully and intentionally traded on the goodwill associated with the Net Bag Trade Dress.

46. Defendant's acts of trade dress infringement, as alleged above, are causing Plaintiffs and the public irreparable injury, and will continue to do so unless restrained and enjoined.

47. On information and belief, Defendant has no present intention of terminating the activities complained of in this Complaint.

48. Defendant's trade dress infringement has caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

**COUNT III**
**FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING AND UNFAIR COMPETITION**
**15 U.S.C. § 1125(a)**

49. Plaintiffs restate and re-aver each and every allegation contained in the foregoing paragraphs and the acts of Defendant asserted therein as if fully recited in this paragraph.

50. This count arises under 15 U.S.C. §1125(a).

51. Defendant has willfully and intentionally used the Net Bag Trade Dress in a manner which is likely to cause confusion, mistake or deception, by virtue of its prominent use thereof in connection with Defendant's infringing snack cheese products.

52. Defendant's use and/or association with the Net Bag Trade Dress represents a False Designation of Origin, as consumers are likely to associate the Defendant's infringing snack cheese products with Plaintiffs and Plaintiffs' well known and highly regarded use of the Net Bag Trade Dress as an indicator of source, quality and consistency.

53. Consumers will believe that Defendant's infringing snack cheese products are associated with, sponsored and/or endorsed by Plaintiffs, when in fact they are not.

54. Defendant's use of the Net Bag Trade Dress unlawfully erodes the connection between the Net Bag Trade Dress and Plaintiffs. Plaintiffs' reputation has thus been and will continue to be subject to the perils and hazards which arise from Defendant's infringing activities, resulting in grave harm to Plaintiffs and the consuming public.

55. Plaintiffs have no control over the acts of Defendant, nor any responsibility for the acts of Defendant, including the quality and safety of Defendant's snack cheese products.

56. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products and services of Defendant.

57. Defendant's use of, and/or association with, Plaintiffs' Net Bag Trade Dress constitutes a false designation of origin, as consumers are likely to associate Plaintiffs' Net Bag Trade Dress with Defendant.

58. Defendant's use of the Net Bag Trade Dress constitutes false advertising to lead consumers to believe that Defendant's infringing snack cheese products originate from Plaintiffs when in fact they do not.

59. Defendant's unauthorized use of the Net Bag Trade Dress in advertising and promoting the infringing snack cheese products is misleading as to the nature, quality, sponsorship and origins of the goods sold by Defendant.

60. Defendant's adoption of the Net Bag Trade Dress unfairly capitalizes on the goodwill associated with the Net Bag Trade Dress that Plaintiffs have built for nearly 40 years.

61. By adopting the Net Bag Trade Dress, Defendant is unfairly competing with Plaintiffs by conducting business on the goodwill built by Plaintiffs. At the same time, Defendant is diluting the distinctive value of the Net Bag Trade Dress, which is a core asset of Plaintiffs.

62. Defendant's false designation of origin, false advertising and unfair competition have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

## COUNT IV
## VIOLATION OF THE
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## 815 ILCA 510/1 – 510/7

63. Plaintiffs restate and re-aver each and every allegation contained in the foregoing paragraphs and the acts of Defendant asserted therein as if fully recited in this paragraph.

64. This Count arises under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 – 510/7.

65. The acts of Defendant complained of herein constitute deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act.

66. Defendant, in the course of its business, and by using the Net Bag Trade Dress, causes a likelihood of confusion, or of misunderstanding as to the source, sponsorship, and/or approval of its snack cheese products, including in the State of Illinois where Defendant has made substantial sales of the infringing products and where Plaintiff Bel USA is located, and where injury has been suffered.

67. Defendant in the course of its business, and by using the Net Bag Trade Dress, in the State of Illinois, causes a likelihood of confusion, or of misunderstanding as to affiliation, connection or association with or by Plaintiffs.

68. Plaintiffs have been injured in Illinois and elsewhere by Defendant's acts, and Plaintiffs are entitled to an injunction, attorney's fees and other relief under this Act.

## COUNT V
## TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION UNDER ILLINOIS COMMON LAW

69. Plaintiffs restate and re-aver each and every allegation contained in the foregoing paragraphs and the acts of Defendant asserted therein as if fully recited in this paragraph.

70. This count arises under the common law of the State of Illinois.

71. This claim is for trade dress infringement and unfair competition against Defendant for its advertising, distribution, sale, and offering for sale infringing individually wrapped round snack cheese products bearing the Net Bag Trade Dress, including in the State of Illinois.

72. Defendant's use of the Net Bag Trade Dress for infringing snack cheese products is likely to cause confusion, mistake and deception among the general purchasing public,

including those located in Illinois, as to the origin of the infringing products, and is likely to deceive the public into believing the infringing products being sold by Defendant originate from, are associated with, or are authorized by, Plaintiffs.

73. Defendant willfully and intentionally traded on the goodwill associated with the Net Bag Trade Dress.

74. Defendant's acts of trade dress infringement and unfair competition, as alleged above, are causing Plaintiffs and the public irreparable injury, including in Illinois, and will continue to do so unless restrained and enjoined.

75. On information and belief, Defendant has no present intention of terminating the activities complained of in this Complaint.

76. Defendant's trade dress infringement has caused Plaintiffs to sustain monetary damage, loss and injury, including in Illinois, in an amount to be determined at the time of trial.

**PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by a jury on all issues triable by right of jury.

WHEREFORE, Plaintiffs pray:

1. That the Court award to Plaintiffs compensatory, consequential, statutory, and punitive damages on all claims of relief, in an amount to be determined at trial.

2. That pursuant to 15 U.S.C. §1117, Defendant be directed to pay Plaintiffs their profits realized in connection with importation, sale, offering for sale, distribution, exhibition, display or advertising of goods bearing the infringing trade dress, and all damages sustained by Plaintiffs, and the costs of this action.

      3.      That pursuant to 15 U.S.C. §1117, Defendant be directed to provide Plaintiffs an accounting of all profits that it has obtained by consequence of Federal and State Law infringements and violations, as enumerated herein.

      4.      For an award of their reasonable attorney's fees pursuant to 15 U.S.C. §1117(a).

      5.      For a declaration that Defendant's acts and conduct infringe the Net Bag Trade Dress.

      6.      For a declaration that Defendant's acts and conduct infringing the Net Bag Trade Dress are willful.

      7.      That Defendant, its officers, agents, servants, and employees, and those in active concert or participation with it, be permanently enjoined and restrained:

      a. from using in any manner any trade dress including the Net Bag Trade Dress, which alone or in combination with any other words or designs, is likely to cause confusion, deception, or mistake;

      b. from advertising, offering for sale or sale of any goods not manufactured by Plaintiffs, or not authorized by Plaintiffs and which use Plaintiffs' Net Bag Trade Dress or any trade dress that is confusingly similar to Plaintiffs' Net Bag Trade Dress;

      c. from representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendant, or any of its goods, are authorized or sponsored by Plaintiffs; and

      d. from otherwise competing unfairly with Plaintiffs in any manner.

      8.      For destruction of all infringing articles pursuant to 15 U.S.C. § 1118.

      9.      For an injunction and award of attorney's fees under 815 ILCS 510/1 – 510/7.

10. For any such other and further relief as this Court deems just and equitable.

                                              Respectfully submitted
                                              for Plaintiffs,

Dated: October 29, 2018        By:   /s/ Steven L. Baron
                                                   Steven L. Baron (ARDC # 6200868)
                                                   George V. Desh (ARDC #6305733)
                                                   Mandell Menkes LLC
                                                   One North Franklin Street
                                                   Suite 3600
                                                   Chicago, Illinois 60606
                                                   Tel: (312) 251-1000
                                                   sbaron@mandellmenkes.com
                                                   gdesh@mandellmenkes.com

                                                   Jess M. Collen (*Pro Hac Vice* to be filed)
                                                   Jeffrey A. Lindenbaum (*Pro Hac Vice* to be filed)
                                                   Michael Nesheiwat (*Pro Hac Vice* to be filed)
                                                   COLLEN *IP*
                                                   The Holyoke-Manhattan Building
                                                   80 South Highland Avenue
                                                   Ossining, New York 10562
                                                   Tel.: (914) 941 5668
                                                   jcollen@collenip.com
                                                   jlindenbaum@collenip.com
                                                   mnesheiwat@collenip.com